**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JAMES A. DUNHAM,

        Plaintiff,

v.                                             Case No:   6:23-cv-1486-CEM-LHP

BONDIO LLC and JOSEPH
MIRAKHOR,

        Defendants

---

**SUPPLEMENTAL BRIEFING ORDER**

Plaintiff has alleged claims against Defendants for unpaid minimum wages under the Fair Labor Standards Act ("FLSA") and for unpaid wages under Florida common law. Doc. No. 1. Neither Defendant responded to the Complaint despite being properly served, *see* Doc. Nos. 8–9, and therefore Clerk's Default was entered against both Defendants on October 25, 2023. Doc. No. 17; *see also* Doc. No. 16. And on December 13, 2023, Plaintiff filed a motion for entry of final default judgment against both Defendants. Doc. No. 20. The motion requests that final judgment as to liability only be entered against Defendants, and that the matter be set for trial to address damages. *Id.*, at 6.

Where a plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well-pleaded allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages to be awarded. *Id.* (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). Therefore, in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages). Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. *See Adolph Coors*, 777 F.2d at 1543–44. However, no hearing is needed "when the district court already has a wealth of evidence . . . such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). *See also*

*Wallace*, 247 F.R.D. at 681 ("[A] hearing is not necessary if sufficient evidence is submitted to support the request for damages.").

Given the nature of this case, it would appear that Plaintiff's claims are for a liquidated sum or one capable of mathematical calculation. Thus, it does not appear that an evidentiary hearing is necessary, but rather Plaintiff can establish with mathematical certainty the amount of damages he claims he is owed, including liquidated damages and attorney's fees and costs, via the submission of evidence.

Therefore, in the interests of judicial efficiency, within **TWENTY-ONE (21) DAYS from the date of this Order** Plaintiff shall provide supplemental briefing on the issue of damages, to include evidence in the form of affidavits or other documents, that establish to a mathematical certainty the amount of damages at issue in this case. The supplemental briefing shall also include evidence to support any claim for attorney's fee and costs, as calculated under the federal lodestar approach. Alternatively, by this same **TWENTY-ONE (21) DAY** deadline, Plaintiff shall file a brief, with citation to appliable legal authority, explaining why such evidence cannot be provided, and why an evidentiary hearing is warranted.

**DONE** and **ORDERED** in Orlando, Florida on December 14, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

- 4 -

Copies furnished to:

Counsel of Record
Unrepresented Parties