**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAMES A. DUNHAM,

       Plaintiff,

v.                                                 Case No:   6:23-cv-1486-CEM-LHP

BONDIO LLC and JOSEPH
MIRAKHOR,

       Defendants

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:   PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. No. 20)**
>
> **FILED:       December 13, 2023**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On August 3, 2023, Plaintiff James A. Dunham filed the above-styled case against Defendants Bondio, LLC, and Joseph Mirakhor, alleging violations of Florida state labor law and the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et*

*seq.* ("FLSA").  Doc. No. 1.  Plaintiff asserts one claim of failure to pay minimum wages in violation of the FLSA and one claim of failure to pay minimum wages in violation of Florida common law.  *Id.* ¶¶ 25–32.  Defendants have not appeared in the case to date, and on Plaintiff's motion, Clerk's default was entered against both Defendants on October 25, 2023.  *See* Doc. Nos. 12–17.

Now, Plaintiff seeks default judgment against both Defendants.  Doc. No. 20.  The motion has been referred to the undersigned.  *See id.*  The Court ordered Plaintiff to supply supplemental briefing on Plaintiff's damages calculations, which Plaintiff provided on January 16, 2024.  Doc. Nos. 21–24.  Upon consideration, however, the motion is due to be denied without prejudice because, as discussed herein, Plaintiff has not demonstrated that the allegations of the complaint are sufficient to establish coverage under the FLSA, and because Plaintiff has not sufficiently explained how he can seek liquidated damages *only* under the FLSA, while seeking unpaid minimum wages under Florida common law.  *See* Doc. No. 24, at 5.

In order to be eligible for unpaid minimum wage or overtime under the FLSA, an employee must demonstrate that he or she is covered by the FLSA.  *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011).  An employee may establish coverage by demonstrating: (1) that he or she was engaged in commerce or in the production of goods for commerce (*i.e.,* individual

coverage); or (2) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage). 29 U.S.C. § 207(a)(1); *Josendis*, 662 F.3d at 1298–99.

For an employee to demonstrate that he or she was "engaged in commerce" for purposes of individual coverage, he or she must:

> be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. §§ 776.23(d)(2), 776.24).

To demonstrate enterprise coverage, the employee must show that:

(1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

(2) the employer's annual gross volume of sales is $500,000 or more.

*De Lotta v. Dezenzo's Italian Rest., In.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009) (citations omitted); *see* 29 U.S.C. § 203(s)(1). "District courts cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000

annually." *Id.* (citing *Sandoval v. Fla. Paradise Lawn Maint., Inc.*, 303 F. App'x 802, 805 (11th Cir. 2008) ("[I]t is clear from the language of the statute that, for enterprise coverage under the FLSA to apply, the enterprise must be engaged in commerce under the statute and must gross over $500,000 annually.")).

In the complaint, Plaintiff alleges that Defendants operate a transportation and aviation company "which conducts systemic and continuous operations in Volusia County, Florida." Doc. No. 1 ¶ 4. Plaintiff further alleges that he worked for Defendants from January 2021 to August 4, 2022 as a lead aircraft mechanic. *Id.* ¶¶ 6, 21. Plaintiff alleges Defendant Mirakhor, as owner and principal officer for Defendant Bondio, LLC, set Plaintiff's hours, wages, working conditions, and "controlled all facets of Plaintiff's employment**.**" *Id.* ¶¶ 7–8. However, the complaint contains only the following allegations that could be construed as relevant to FLSA individual or enterprise coverage:

> 10. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and was thus subject to the individual coverage of the FLSA.
>
> 11. As part of his regular job duties for Defendants, Plaintiff routinely and regularly used and/or handled items moving in the stream of commerce.
>
> . . . .

> 15. At all times material hereto, Bondio was, and continues to be, an enterprise engaged in the "providing services for commerce" within the meaning of the FLSA.
>
> 16. At all times material hereto, the annual gross sales volume of Defendant Bondio exceeded $500,000 per year. Thus, Bondio was an enterprise covered by the FLSA under 29 U.S.C. §§ 203(r) and 203(s).

Doc. No. 1 ¶¶ 10, 11, 15, 16.

These conclusory allegations are insufficient to establish either individual or enterprise coverage under the FLSA. *See, e.g.*, *De Lotta*, 2009 WL 4349806, at *2–3 (conclusory allegations of FLSA coverage were insufficient to support default judgment); *Cloer v. Green Mountain Specialties Corp.*, No. 6:18-cv-999-Orl-40KRS, 2019 WL 568358, at *1 (M.D. Fla. Jan. 2, 2019) (finding conclusory allegations regarding individual and enterprise coverage insufficient and denying motion for default judgment, specifically finding allegations that plaintiffs worked at various jobs, including ironworker, driver, laborer, and welder, to be insufficient to establish individual coverage because the plaintiffs did not allege any facts showing how, in their respective jobs, they were engaged in commerce or in the production of goods for commerce); *Perez v. Muab, Inc.*, No. 10-62441-Civ, 2011 WL 845818, at *3 (S.D. Fla. Mar. 7, 2011) (dismissing a complaint without prejudice where "[p]laintiff alleges only that 'during her employment with [defendant], she was engaged in commerce or in the production of goods for commerce.' This is a mere recitation of the statutory language."). And Plaintiff merely reiterates these

conclusory statements in his motion for default judgment. *See* Doc. No. 20, at 5.[1] Without demonstrating that the complaint sufficiently alleges coverage under the FLSA, Plaintiff's request for default judgment against Defendants must be denied. *See Ramos v. Diamond Drywall & Glass, LLC*, No. 2:12-cv-622-FtM-99DNF, 2013 WL 12388526, at *2–3 (M.D. Fla. May 7, 2013) (recommending denial of default judgment where the plaintiff failed to allege any facts to support a finding of either individual or enterprise coverage where only allegations were legal conclusions and a representation that plaintiff installed drywall and glass in Florida).

In addition, the Court has reviewed Plaintiff's supplemental briefing on damages, in which Plaintiff seeks an award of liquidated damages *only* under the FLSA, and full unpaid wages under Florida common law. Doc. No. 24, at 4–7. While the Court agrees that Plaintiff cannot obtain double recovery, Plaintiff has

---

[1] This is not to say that the deficiency of the allegations of the complaint could be rectified by submissions via a motion for default judgment, as whether Defendants are liable for the cause of action in the complaint is determined based on the well pleaded facts in the complaint, not by supporting evidence. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). *See also Pinnacle Towers LLC v. airPowered, LLC*, No. 5:15-cv-81-Oc-34PRL, 2015 WL 7351397, at *2 (M.D. Fla. Nov. 20, 2015) (finding the assertion of new facts in motion for default judgment and supporting affidavit was an impermissible attempt to amend the complaint); *Sabili v. Chase Hotel Mgmt., LLC*, No. 6:10-cv-807-Orl-31KRS, 2011 WL 940230, at *3 (M.D. Fla. Feb. 28, 2011) (finding that because certain assertions of fact were in an affidavit attached to motion for default judgment and were not alleged in the complaint, defendant was not deemed to have admitted them by virtue of its default), *report and recommendation adopted*, 2011 WL 940207 (M.D. Fla. Mar. 17, 2011).

failed to explain why his requested relief is permissible and cites to no legal authority to support his request.

Accordingly, Plaintiff's Motion for Default Judgment Against Defendants (Doc. No. 20) is **DENIED without prejudice**. If Plaintiff believes that he can demonstrate coverage under the FLSA based on the current complaint (Doc. No. 1), he shall file a renewed motion, with citation to relevant legal authority, within **fourteen (14) days** from the date of this Order. If Plaintiff chooses to file a renewed motion, Plaintiff shall also include briefing and evidence related to damages, and in particular shall address — with citation to applicable legal authority — how Plaintiff can obtain an award of liquidated damages *only* under the FLSA and unpaid wages under Florida common law. In other words, the renewed motion must be a stand-alone document — the Court will not incorporate by reference prior motions and briefing.

Alternatively, **by this same deadline**, Plaintiff may file an amended complaint to include allegations with respect to FLSA coverage, should he deem it necessary to do so. Any such amended pleading must be served on Defendants in compliance with the applicable Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Orlando, Florida on March 18, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties